GRIFFIN, J.
This is an antitrust case brought by Dr. Richard Hynes and his orthopedic center [“Plaintiffs”] against Health First, Inc. [“Health First”], Holmes Regional Medical Center, Inc. [“Holmes Regional”], Cape Canaveral Hospital, Inc., Health First Physicians, Inc., and Health First Health Plans, Inc. [“Defendants”].[1] Health First is the parent company of the other defendants, which are separate, wholly owned subsidiaries. Plaintiffs allege that, among other things, Defendants monopolized the hospital services market and tortiously interfered with Plaintiffs’ business relationships.
While this suit was on-going, Dr. Hynes made a call to a non-party, Dr. Marty Brown, who is another physician on staff at Holmes Regional. Dr. Hynes intentionally placed the call on what he knew to be a digitally recorded hospital emergency room telephone line so there would be a record of the call. During that call, Dr. Hynes made statements that Dr. Brown perceived to be threats against him personally. Both physicians knew the call was being recorded. The call was approximately thirty-six minutes in duration.
Shortly after the call from Dr. Hynes, Dr. Brown requested a copy of the recorded call from Holmes Regional. He claims that he did so because he was shocked that the president of the medical staff had threatened him in such a manner. Holmes Regional subsequently e-mailed Dr. Brown a shortened version of that call, approximately eight minutes in length. According to Holmes Regional, within a few days after the telephone conversation, the hospital had made a short version of the thirty-six minute recording in order to communicate by e-mail to many of their doctors and others about what had transpired between Dr. Brown and Dr. Hynes. Dead air and other pauses were deleted, *997 but it was also substantively shortened, to provide “highlights.” That is what was sent to Dr. Brown when he asked for it shortly after the phone call took place.
Several months later, Plaintiffs subpoenaed Dr. Brown for deposition in this case, requesting that he produce “any documents (including e-mails) (1) to or from, or discussing, Dr. Richard Hynes....” Through his own attorney, Dr. Brown produced a compact disc containing the eight-minute recording that he had gotten from Holmes Regional, which he says was the only one he possessed.
Plaintiffs’ lawyers played that recording and introduced it as an exhibit at Dr. Brown’s March 25, 2009, deposition. Dr. Brown said that he received the recording from Mr. Senne, Holmes Regional’s president. He was not asked whether the recording reflected his entire conversation with Dr. Hynes. During the deposition, a chain of e-mails was introduced, mentioning the “40 minute phone call.”
The litigation proceeded for about a year with no further specific request by Plaintiffs counsel for a recording of the telephone call. Apparently, Plaintiffs counsel had assumed that what he got from Dr. Brown was the entire recording.
On April 29, 2010, almost a year after Dr. Brown’s deposition, Defendants called Dr. Brown to testify at a hearing on Dr. Hynes’s motion for a protective order, in which he sought to preclude any adverse action against him or others because of litigation against the hospital. After questioning Dr. Brown about Dr. Hynes’s July 2008 call to him, Defendants’ counsel announced that he would play a recording of the call. Counsel told the court that it would last “about 85 minutes.” Holmes Regional had previously given this recording to Defendants’ counsel. Defendants’ counsel in turn gave a copy of it to Plaintiffs counsel the morning of the hearing. Immediately after the full recording was played for the court, Plaintiffs’ counsel, who had been present at Dr. Brown’s deposition when he produced the eight-minute audio file, moved ore tenus for sanctions, claiming that Defendants had given Plaintiffs an altered and misleading version of the tape, essentially attempting to perpetrate a fraud on the court.
In the ensuing hearing, defense counsel offered the court a variety of explanations about why there might be two versions of the tape, but even after a recess overnight to allow for the gathering of facts, defense counsel seemed to be unable to articulate the factual scenario summarized at the hearing that was outlined in more detail in defendants’ subsequently filed memorandum. Defense counsel seemed to understand that the shortened version of the recording was related to e-mail, but he suggested that the recording of the conversation was merely truncated, not edited.
Several weeks later, Plaintiffs filed an extensive memorandum in support of their ore tenus motion for sanctions that included a comparison of the two tapes. Defendants filed a memorandum in opposition. When the trial court was made aware in the memorandum that, indeed, the short version was substantially edited and that defense counsel’s explanation had not been accurate, the court concluded that a fraud had been attempted by Holmes Regional and it entered a detailed sanctions order. This apparently occurred in an environment of acrimony and bad behavior by the litigants and their counsel that appears to have led to exasperation and suspicion on the part of the trial court. The lower court entered its sanctions order prohibiting Defendants from using either version of the Hynes/Brown conversation for any purpose or using any other telephonic recordings. Attorney’s fees were awarded that were subsequently assessed at $37,517.84.
*998 It appears from the record that there is at least one finding by the trial court that is not accurate: (1) that the duces tecum deposition notice of Dr. Brown required production of the extended recording of the conversation with Dr. Hynes. Another important finding that probably is erroneous is that Dr. Brown’s request for and receipt of the recording from Holmes Regional was the result of the duces tecum request. There is no sworn evidence on this point, however. In the record before us, the facts underlying many of the findings in the trial court’s order are simply not clear, and the inferences to be drawn from the facts even less so. Given the gravity of the conclusions in the order, there will have to be an evidentiary hearing to sort out whether fraud or similar misconduct occurred. Getting at the truth of this claim of fraud on the court may well require in camera inspections of otherwise attorney-client privileged or work-product immune files or communications of both parties and their counsel.
REVERSED and REMANDED.
SAWAYA, J., and MARSTILLER, S„ Associate Judge, concur.

. The law firm of Carlton Fields, P.A., did not represent defendants below.